# IN THE COURT OF APPEALS OF IOWA

No. 14-1021
Filed June 24, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHNNATHAN MONROE FRENCHER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

The defendant appeals his conviction following a guilty plea. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Darrel Mullins, Assistant Attorneys General, John P. Sarcone, County Attorney, and Joseph Crisp, Assistant County Attorney, for appellee.

Considered by Tabor, P.J., McDonald, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MCDONALD, J.**

Defendant Johnnathan Frencher claims his plea counsel provided constitutionally ineffective representation by failing to object to the prosecutor's alleged breach of the parties' plea agreement. We review claims of ineffective assistance of counsel de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). Ordinarily, ineffective-assistance-of-counsel claims are preserved for postconviction relief actions. *See State v. Mulder*, 313 N.W.2d 885, 890 (Iowa 1981). Where, as here, the record is sufficient to evaluate the merits of the claim, the matter may be resolved on direct appeal. *See* Iowa Code § 814.7(2); *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). On de novo review, we conclude that Frencher failed to establish that the prosecutor breached the parties' plea agreement and, as a consequence, that his counsel rendered constitutionally deficient legal representation.

Frencher was charged by trial information with possession of a controlled substance (marijuana) with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2013), and carrying a concealed weapon, in violation of section 724.4(1). The parties entered into a plea agreement: Frencher agreed to plead guilty to the possession charge without any sentencing enhancement, the State agreed to dismiss the weapons charge, and the parties would jointly recommend a suspended sentence with probation. At the time of sentencing, the prosecutor recommended a "suspended sentence with probation." Although the parties jointly recommended a suspended sentence, the district court granted Frencher a deferred judgment, placed him on probation for five years, and ordered

placement in the Fort Des Moines residential facility when space became available. Subsequently, the defendant filed a motion to correct illegal sentence, arguing that placement in a residential facility was an unlawful condition of a deferred judgment. The district court granted the motion, vacated the prior order, convicted the defendant of the possession charge, sentenced the defendant to five years' incarceration, suspended the sentence, placed the defendant on probation for five years, and ordered placement at the Fort Des Moines residential facility. Frencher timely filed this appeal.

Frencher claims that his Sixth Amendment right to the assistance of counsel was violated when his counsel failed to object to the prosecutor's alleged breach of the plea agreement. Specifically, Frencher contends the prosecutor emphasized negative information regarding Frencher during the initial sentencing proceeding, which effectively undercut the recommendation for a suspended sentence.

To establish a claim of ineffective assistance of counsel, the defendant must establish that trial counsel failed to perform an essential duty and that this failure resulted in prejudice. *See Straw*, 709 N.W.2d at 133 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). The claim fails if the defendant is unable to establish either element. *See State v. Fountain*, 786 N.W.2d 260, 265-66 (Iowa 2010). If the State breaches a plea agreement, defense counsel breaches an essential duty by failing to object to the breach or otherwise take remedial action. *See State v. Bearse*, 748 N.W.2d 211, 217 (Iowa 2008). To establish prejudice, Frencher must demonstrate that the outcome of the

sentencing proceeding would have been different. *See State v. Fannon*, 799 N.W.2d 515, 523 (Iowa 2011). This does not necessarily require the defendant to establish he would have received a different sentence. *See id.* Instead, the outcome would have been different because the defendant would have been entitled to withdraw his guilty plea or be resentenced in an untainted proceeding. *See State v. Carillo*, 597 N.W.2d 497, 501 (Iowa 1999).

As a general rule, defense counsel has no duty to raise an issue that is without merit. *See Fannon*, 799 N.W.2d at 520. "We, therefore, first consider whether the State breached the plea agreement during the sentencing hearing." *Id.* In the absence of a breach, defense counsel had no reason or duty to object to the prosecutor's remarks. When the plea agreement calls for the State to make a sentencing recommendation to the court "mere technical compliance is inadequate; the State must comply with the spirit of the agreement as well." *State v. Horness*, 600 N.W.2d 294, 296 (Iowa 1999).

> A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise. Where the State has promised to "recommend" a particular sentence, we have looked to the common definition of the word "recommend" and required
> > the prosecutor to present the recommended sentence with his or her approval, to commend the sentence to the court, and to otherwise indicate to the court that the recommended sentence is supported by the State and worthy of the court's acceptance.

*Bearse*, 748 N.W.2d at 215-16.

The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain. *See Fannon*, 799 N.W.2d at 522 (noting counsel has a duty to ensure the defendant receives the "benefit of the agreement"). Where the State technically complied with the agreement by explicitly recommending the agreed-upon sentence but expressed material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement. *See United States v. Cachucha*, 484 F.3d 1266, 1270-71 (10th Cir. 2007) ("While a prosecutor normally need not present promised recommendations to the court with any particular degree of enthusiasm, it is improper for the prosecutor to inject material reservations about the agreement to which the government has committed itself.").

The expression of a material reservation regarding the plea agreement or sentencing recommendation can be explicit or implicit. For example, the prosecutor may explicitly express regret for entering into the plea agreement. *See, e.g., State v. Hickman*, No. 14-0269, 2014 WL 5251116, at *2-3 (Iowa Ct. App. Oct. 15, 2014) (holding the prosecutor breached the plea agreement when he stated he had difficulty making the agreed upon sentencing recommendation). The prosecutor may also implicitly express material reservation to the plea

agreement or recommended sentence in a number of ways. For example: by proposing alternative sentences; by requesting "an appropriate sentence" rather than the agreed-upon sentence; by making a recommendation and then reminding the court it is not bound by the plea agreement; or by emphasizing a more severe punishment recommended by the presentence investigation author. *See, e.g.*, *Bearse*, 748 N.W.2d at 216 (holding the prosecutor breached the plea agreement by suggesting greater punishment was warranted); *State v. Horness*, 600 N.W.2d at 300 (holding the prosecutor breached the plea agreement by informing the court of alternative recommendation and breached the plea agreement by requesting "an appropriate sentence"); *Chest v. State*, No. 13-0069, 2014 WL 1494900, at *5 (Iowa Ct. App. Apr. 16, 2014) (holding State breached plea agreement where prosecutor expressed it was "hard to stand before the court" and give the recommendation and emphasized facts of the case); *State v. Dudley*, No. 09-1772, 2010 WL 3157757, at *1-2 (Iowa Ct. App. Aug. 11, 2010) (holding State breached plea agreement where prosecutor made agreed upon recommendation but called presentence investigation ("PSI") writer as witness to "clarify" position on recommending a more severe sentence).

We conclude the prosecutor did not breach the plea agreement. While the prosecutor in this case discussed Frencher's criminal history and some of the negative information contained in the PSI, the prosecutor did so only to provide context to the sentencing recommendation. The prosecutor strongly advocated for the recommended sentence, stating that Frencher should be given the opportunity for probation and could be successful on probation despite

Frencher's criminal history: "The State believes that with the proper mentoring/programming that he could be successful . . . . That's if he applies himself and decides to apply himself. It appears to me that when he is motivated to do something, that he can do so." The prosecutor concluded, "If Mr. Frencher can use that as a positive and make honest decisions, . . . the State believes that he can be successful while on probation." At no point did the prosecutor express a material reservation regarding the plea agreement or the sentencing recommendation. His statements were consistent with the common purpose of the agreement. *See, e.g.*, *State v. Brocato*, No. 16-0565, 2014 WL 7343462, at *1 (Iowa Ct. App. Dec. 24, 2014) ("[The State] did not undercut its promise by making 'alternative recommendations,' suggesting a more severe sentence as in *Horness*. Neither did the State suggest a more severe punishment should be imposed by reminding the court of the recommendation of presentence investigation report and informing the court it was not bound by the plea agreement."); *State v. Pearl*, No. 13-0796, 2014 WL 1714490, at *3 (Iowa Ct. App. Apr. 30, 2014) (holding no breach where the prosecutor provided context but did "not propose alternative sentences or reference the sentencing recommendation contained in the presentence investigation report" and "urge[d] the court to adopt the terms of the agreement and sentence Pearl accordingly").

Because the State did not breach the plea agreement, Frencher's counsel had no duty to lodge an objection to the prosecutor's statements. *See Bearse*, 748 N.W.2d at 214-15. Thus, Frencher's claim of ineffective assistance of

counsel fails. For these reasons, we affirm the defendant's conviction and sentence.

**AFFIRMED.**