# IN THE COURT OF APPEALS OF IOWA

No. 15-2102
Filed August 17, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KYRA J. WILLIAMS,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II

and Stuart P. Werling, Judges.


        Kyra Williams appeals her conviction for conspiracy to commit a forcible

felony.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.



        Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Kyra Williams appeals her conviction for conspiracy to commit a forcible felony, claiming her trial counsel was ineffective in failing to object during the prosecutor's sentencing recommendation. We affirm Williams's conviction.

On February 12, 2015, the State charged Williams with first degree robbery, in violation of Iowa Code sections 703.1, 703.2, 711.1, and 711.2 (2015), and conspiracy to commit a forcible felony, in violation of Iowa Code sections 706.1 and 706.3(1). In September, the State and Williams entered into a plea agreement in which the State agreed to dismiss the first-degree robbery charge, allow Williams to plead guilty to conspiracy to commit a forcible felony, and recommend probation. Williams was required to cooperate with the State in its prosecution of her two co-defendants. The district court accepted Williams's guilty plea to conspiracy to commit a forcible felony. At sentencing, the district court entered an order for a ten-year suspended sentence, two years of supervised probation, restitution, fees, and costs. Williams now appeals.

We review ineffective assistance of counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Williams claims her trial counsel was ineffective for failing to object to the prosecutor's sentencing recommendation because the recommendation violated the spirit of the plea agreement. She claims the prosecutor technically complied with the State's obligation to recommend against incarceration but undercut the recommendation by emphasizing the serious nature of the charged crime and by focusing on the acts committed by the co-defendants. When an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal

proceedings, the court must decide whether the record is adequate to decide the claim on direct appeal or whether it should be preserved for postconviction proceedings. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008). Although such claims are generally preserved for postconviction relief, we will consider them on direct appeal where the record is adequate. *Id.* Upon our review of the record, we find the record adequate to address Williams's ineffective-assistance-of-counsel claim. *See id.*

"[T]o determine whether counsel failed to perform an essential duty in failing to object to the prosecutor's recommendation, we must first determine whether the State breached the plea agreement. If the State did not breach the plea agreement, defense counsel could not have been ineffective." *Id.* at 215 (citation omitted). If the prosecutor breaches either the terms or the spirit of the plea agreement, reversal of the conviction or vacation of the sentence is required. *See id.*

Pursuant to the plea agreement, the State agreed to recommend against incarceration. At the sentencing hearing, the prosecutor stated:

> The State will follow the plea agreement. So, essentially, the State is recommending that [Williams] be committed to the Director of Adult Corrections for an indeterminate term not to exceed ten years. The State will recommend the suspension of that sentence, with her being placed on probation for a period of two years.
> . . . .
> The basis for the recommendation draws on the following: I mean, obviously, the circumstances of the offense were very serious in terms of the robbery to the victim, with the two co-defendants having physically assaulted him and used a weapon.
> [Assistant County Attorney] Ripley offered this plea agreement because [Williams's] role was more minor in the sense that she was a driver of a vehicle that picked up the victim and then she went inside a business establishment when [co-defendants] Mr.

> Govain and Ms. Byers carried out the assault and the theft of money.
>
> Mr. Ripley also noted that she was cooperative with law enforcement, not only in attempting to locate her two co-defendants so that they could be arrested and brought to justice, but, of course, she was willing to cooperate with the State as far as any prosecution of those two subjects.
>
> You take that—I have to say, you know, when you look at the circumstances of this, this is very serious for her first time out of the gate. Because, obviously she doesn't have a prior criminal history.
>
> But I think under the circumstances, even though it was very, very serious in terms of what happened, the corrective action that she takes, I think, warrants a recommendation of probation at this time.

The prosecutor is obligated to make the promised sentencing recommendation, which requires more than informing the court of the promise the State has made to the defendant with regard to sentencing. *Id.* at 215–16. The prosecutor must also present the recommended sentence with approval; if not, the prosecutor has fallen short of fulfilling the promise under the plea agreement. *See id.* at 216–17. It is implied the prosecutor is obligated to refrain from suggesting more severe sentencing alternatives. *See id.* at 216.

Upon our de novo review, we find the prosecutor did not breach the plea agreement in spirit or undercut the sentencing recommendation. The prosecutor did not make an alternate recommendation or attempt to persuade the court to impose a harsher sentence. *See State v. Horness*, 600 N.W.2d 294, 299–300 (Iowa 1999) ("[T]he prosecutor breached the plea agreement by requesting 'an appropriate sentence' rather than the sentence he had agreed to recommend."). We acknowledge the prosecutor described the crime as "very very serious," but it was in context of explaining why a suspended sentence was warranted. Moreover, on a cold record, it is impossible to determine the emphasis placed on

the words used by the speaker. *See, e.g. State v. Frencher*, 873 N.W.2d 281, 285 (Iowa Ct. App. 2015) (noting the prosecutor discussed the defendant's criminal history and other negative information, it was merely done to provide context for the sentencing recommendation). The court did not impose a harsher penalty and followed the recommendation in the plea agreement. While Williams may have preferred a deferred judgment, the prosecutor did not have a duty to advocate for a lesser sentence than the one contained in the plea agreement.

We find Williams's trial attorney had no duty to object to the prosecutor's sentencing recommendation as it complied with the spirit and language of the plea agreement. We deny Williams's ineffective-assistance-of-counsel claim and affirm her conviction.

**AFFIRMED.**