# IN THE COURT OF APPEALS OF IOWA

No. 17-0953
Filed March 21, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SHANE JASON EDWARDS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David N. May, Judge.


Defendant appeals following conviction for possession of a controlled substance, methamphetamine, third offense, in violation of Iowa Code section 124.401(5) (2016). **AFFIRMED.**


Thomas A. Hurd of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Shane Edwards pleaded guilty to possession of a controlled substance, methamphetamine, third offense, in violation of Iowa Code section 124.401(5) (2016). Pursuant to the plea agreement, the parties were "free to argue for an appropriate disposition" at the time of sentencing with the understanding the prosecutor would recommend Edwards receive a suspended sentence and Edwards would argue for a deferred judgment. During the guilty plea colloquy, Edwards stated he understood the court was "not bound at sentencing by any recommendations of the parties" and the court was not "required to suspend that prison sentence." At sentencing, the district court rejected the prosecutor's recommendation for a suspended sentence and the defendant's request for a deferred judgment and instead sentenced Edwards to an indeterminate term of incarceration not to exceed five years. On appeal, Edwards contends the prosecutor breached the plea agreement by not recommending a suspended sentence and Edwards' counsel provided constitutionally deficient representation in failing to object to the alleged breach.

To establish his plea counsel provided constitutionally deficient representation, Edwards must establish his counsel failed to perform an essential duty and this failure resulted in constitutional prejudice. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). If the State breached a plea agreement, defense counsel breached an essential duty by failing to object to the breach or otherwise take remedial action. *See State v. Bearse*, 748 N.W.2d 211, 217 (Iowa 2008). Prejudice is presumed under the circumstances because had counsel objected the defendant would have been entitled to withdraw his guilty plea or be resentenced

in an untainted proceeding. *See State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015).

When the State enters into a plea agreement, the prosecutor must comply with both the letter and spirit of the plea agreement. *See State v. Horness*, 600 N.W.2d 294, 296 (Iowa 1999). When the State has promised to recommend a sentence, we have required "the prosecutor to present the recommended sentence[] with his or her approval, to commend the sentence[] to the court, and to otherwise indicate to the court that the recommended sentence[][is] supported by the State and worthy of the court's acceptance." *Bearse*, 748 N.W.2d at 216. The ultimate inquiry in determining whether the prosecutor complied with the letter and spirit of the plea agreement "is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Frencher*, 873 N.W.2d at 284. The prosecutor can act contrary to the plea agreement and deprive the defendant of the benefit of the plea bargain explicitly or implicitly. *See id.* at 285. Explicit action contrary to the plea agreement is exactly what it sounds like and is easy to identify. Implicit action contrary to the plea agreement is more ambiguous and harder to identify. Typically, implicit action contrary to the plea agreement involves the prosecutor's  expression of material reservation regarding the plea agreement while still in technical compliance with the plea agreement. *See id.* The prosecutor could do this in a number of ways. For example, the prosecutor could propose alternative sentences, request an "an appropriate sentence" rather than the agreed-upon sentence, remind the court it

is not bound by the plea agreement, or emphasize a more severe punishment recommended by the presentence investigation author. *See id.*

Here, Edwards contends the prosecutor failed to comply with the spirit of the plea agreement by unduly emphasizing the defendant's criminal history at the time of sentencing. The contested recommendation was as follows:

> Your Honor, the State would ask this Court to impose an indeterminate term of incarceration as to Count I not to exceed five years and that sentence be suspended and the defendant be placed on a term of probation.
>
> Your Honor, the basis of the recommendation, as can be evidenced by the PSI, is based on the defendant's age, his criminal history, his substance abuse history, and his employment circumstances.
>
> It is the understanding of the State the defendant will ask this Court to issue a deferred judgment. The State finds that a suspended sentence would be more appropriate, specifically based on the content of the defendant's criminal history as well as his own admitted use of illegal narcotics after his arrest to the PSI writer.
>
> While we commend the defendant for his honesty, it does go to show the defendant's continued criminal activity since the arrest in this case. The State feels that substance abuse treatment and the recommendations proposed by the PSI writer would give the defendant both the maximum opportunity for rehabilitation as well as protect the community from further offenses by the defendant, Your Honor.

On de novo review, we disagree with the contention that the prosecutor breached the plea agreement and defense counsel had a duty to object to the prosecutor's recommendation. The presentence investigation report recommended the defendant receive a suspended sentence and, among other things, complete substance-abuse treatment. The prosecutor relied on the recommendation at the time of sentencing. The prosecutor's reference to the defendant's criminal history and substance-abuse history provided context to the sentencing recommendation and demonstrated support of the presentence

investigation report's recommended disposition of a suspended sentence, supervised probation, and treatment. In similar circumstances, we have concluded discussion of the defendant's criminal history when made to provide context in support of the recommendation is consistent with the spirit of the plea agreement. *See, e.g., State v. McDowell*, No. 17-0679, 2017 WL 6034123, at *1 (Iowa Ct. App. Dec. 6, 2017) (holding prosecutor's discussion of defendant's criminal history was not in violation of the plea agreement where the discussion provided context in light of "a strong recommendation for a suspended sentence"); *State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) ("The correct recitation of Schlachter's criminal record was not a distraction from the prosecutor's recommendation, but strengthened it by alerting the court the prosecutor was aware of Schlachter's criminal record and was making the recommendation with that knowledge."); *Frencher*, 873 N.W.2d at 285 (concluding there was no breach where the prosecutor discussed criminal history "only to provide context to the sentencing recommendation").

Our conclusion is bolstered by an additional consideration. Here, the parties were not making a joint recommendation for a sentence. The parties reserved the right to argue for an appropriate disposition at the time of sentencing. The State recommended a suspended sentence, but the defendant argued for a deferred judgment. The prosecutor acted within the spirit of the plea agreement by identifying considerations that supported the State's recommendation for a suspended sentence but that also militated against the grant of a deferred judgment.

Plea counsel had no duty to object to counsel's statement because no breach of the plea agreement occurred. *See Frencher*, 873 N.W.2d at 286. Accordingly, Edwards has failed to establish his claim that counsel provided constitutionally deficient representation. *See id.*

**AFFIRMED.**