# IN THE COURT OF APPEALS OF IOWA

No. 19-0748
Filed April 15, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERIC MICHAEL COLE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Mary E. Chicchelly,

Judge.

Eric Cole appeals after pleading guilty to willful injury resulting in bodily

injury and domestic abuse assault causing bodily injury. **SENTENCE VACATED**

**AND CASE REMANDED WITH DIRECTIONS.**

Peter Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

Considered by Bower, C.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**CARR, Senior Judge.**

Eric Cole pled guilty to willful injury resulting in bodily injury and domestic abuse assault causing bodily injury in exchange for the State's agreement to recommend concurrent sentences. But during sentencing, the State remained silent on concurrent sentences. The district court sentenced Cole to serve consecutive sentences based on the nature of the offense. Cole contends his counsel was ineffective by failing to object to the State's breach of the plea agreement.[1]

We review ineffective-assistance claims de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Cole must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Prejudice occurs when the outcome of the proceeding would have been different had counsel performed effectively. *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). If the prosecutor breached the plea agreement, Cole would have been entitled to withdraw his plea or to a resentencing hearing in an untainted proceeding, which satisfies the required showing of prejudice. *See id.*

"[T]o determine whether counsel failed to perform an essential duty in failing to object to the prosecutor's recommendation, we must first determine whether the State breached the plea agreement." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008). Technical compliance is not enough. *Frencher*, 873 N.W.2d at 284. The question is "whether the prosecutor acted contrary to the common purpose of the

---

[1] Because recent amendments to Iowa Code chapter 814 that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019, *see State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019), we may consider Cole's claim on direct appeal.

plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* For instance, a prosecutor breaches a plea agreement by giving the agreed-upon recommendation while expressing "material reservations." *Id.* A prosecutor may imply material reservation in many ways: "by proposing alternative sentences; by requesting 'an appropriate sentence' rather than the agreed-upon sentence; by making a recommendation and then reminding the court it is not bound by the plea agreement; or by emphasizing a more severe punishment recommended by the presentence investigation author." *Id.* at 285 (citing cases).

At sentencing, the prosecutor asked the court to "follow the plea agreement in this case," asking that Cole "serve an indeterminate term not to exceed 5 years in the custody of the Director of the Iowa Department of Corrections." But the prosecutor never recommended concurrent sentences. And in stating the reasons for the recommendation, the prosecutor highlighted the violent nature of the offense and its effect on the victim, as well as Cole's prior criminal history—all of which the court relied on in ordering Cole to serve the sentences consecutively. The prosecutor breached the plea agreement. If Cole's counsel had objected, Cole would have been entitled to resentencing. Cole has thereby established his ineffective-assistance claim. We vacate his sentence and remand to the district court for resentencing before a different district court judge. *See Bearse*, 748 N.W.2d at 218. As a result, we need not address Cole's claim the district court abused its discretion in ordering his sentences to run consecutively.

**SENTENCE VACATED AND CASE REMANDED WITH DIRECTIONS.**