# IN THE COURT OF APPEALS OF IOWA

No. 20-0518
Filed June 16, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RUSTY SHANE ROGERS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Winnebago County, DeDra L. Schroeder, Judge.

Rusty Rogers appeals from the sentences imposed following his guilty pleas. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Rusty Rogers appeals from the sentences imposed following his guilty pleas.  He alleges the prosecutor breached the plea agreement.  Finding Rogers failed to establish a breach of the plea agreement, we affirm.

I.    **Facts and Procedural history.**

In January 2020, Rogers pled guilty in two cases.  In the drug case, he pled guilty to one count of possession with intent to deliver methamphetamine in violation of Iowa Code section 124.401(1)(c)(6) (2019), a class "C" felony.  In the domestic abuse case, he pled guilty to two counts of domestic abuse assault: (1) impeding blood or airflow in violation of section 708.2A(5), a class "D" felony, and (2) third or subsequent offense in violation of section 708.2A(4), a class "D" felony.   In exchange for his pleas, the State agreed to recommend an indeterminate prison sentence not to exceed ten years on the drug charge with a suspended fine.  Rogers was free to make his own sentencing recommendation.  The State agreed to recommend indeterminate prison sentences not to exceed five years for each domestic abuse charge with suspended fines.  The State agreed to recommend the domestic abuse sentences run concurrently with the drug and other sentences.  The State agreed to dismiss other charges.  The court accepted Rogers's pleas and set sentencing for a later date.  At sentencing, the State recommended the terms of plea agreement.  Rogers was sentenced to serve ten years in prison on the drug charge, fined $1000, and assessed various surcharges.  The fine and surcharges were suspended.  The sentence was ordered to be served consecutively with the domestic abuse sentences.  He was sentenced to five years in prison on each of the domestic abuse counts, each to

be served consecutively with the other and the drug sentence. He was fined $750 on each domestic abuse count and assessed various surcharges. The fines and surcharges were suspended on one of the counts.

Rogers appeals contending the prosecutor breached the parties' plea agreement by not commending the recommended sentence and in highlighting Rogers's extensive criminal history, lack of accountability, and the victim's impact statement.

## II.    Standard of Review.

A defendant's allegation of prosecutorial breach is reviewed for the corrections of errors at law. *State v. Jordan*, ___ N.W.2d ___, ___, 2021 WL 1932703, at *3 (Iowa 2021).

## III.    Analysis

Rogers asserts the State breached the plea agreement.[1] At the sentencing hearing, the prosecutor recommended all the terms of the plea agreement, including that the sentences run concurrently. She then added:

---

[1] Rogers also asserts his plea counsel was ineffective in failing to object to the alleged breach of the plea agreement. Recently enacted statutory provisions— Iowa Code sections 814.6 and 814.7 (2020)—limit the ability of a defendant to appeal as a matter of right from a conviction following a guilty plea and require that claims of ineffective assistance of counsel be presented and resolved in the first instance in postconviction-relief (PCR) proceedings rather than on direct appeal. *See State v. Treptow*, ___ N.W.2d ___, ___, 2021 WL 2172073, at *1 (Iowa 2021). Rogers challenges the constitutionality of these enactments. The same challenges were raised and rejected in *Treptow*, which was handed down after briefing was completed, so we need not discuss them here. *Id*. at ___, 2021 WL 2172073, at *2–7. Alternatively, Rogers asks us to adopt the plain error rule to review his claim on appeal. But our supreme court has repeatedly declined to adopt the plain error rule. *See, e.g.*, *id.* at ___, 2021 WL 2172073, at *8; *State v. Martin*, 877 N.W.2d 859, 866 (Iowa 2016) (noting the supreme court has "repeatedly declined 'to abandon our preservation of error rules in favor of a discretionary plain error rule'" (citation omitted)). As an intermediate appellate court, we cannot adopt a doctrine

I would note that the defendant has a significant criminal history, which is seen or outlined in the [presentence investigation report (PSI)]. I do think it's important to point out the lack of accountability that's obvious in the defendant's PSI with respect to both of these cases, but particularly with respect to the domestic assault charges. His version is not supported by the evidence and is contrary to his plea of guilty to two separate dates. And as the court has already indicated, there is a victim impact statement on file with the court regarding the domestic charges.

The sentencing court noted all the factors it considered in sentencing Rogers to prison, including his "significant" criminal history, time spent in jail and prison in the past, his unsuccessful probation, and victim impact statement. In imposing consecutive sentences, the court explained,

All three of these sentences in this case will run consecutive to each other. I make that decision based on the fact that these sentences are going to run consecutive because they're all separate and distinct offenses. They occurred on separate and distinct days. They're significant and different from each other in that respect and need to be treated in that way. You've had multiple, multiple opportunities in the past to try and rectify or—or fix the path you've been going down. And to protect the community and to best provide for your rehabilitation, it's important that these offense be treated separately and that those goals for sentencing are—are met in doing it in this fashion.

On appeal, Rogers claims:

In this case, the prosecutor did not actually commend the recommended sentence to the sentencing court, thereby indicating it was worthy of the court's acceptance. Other than one brief mention that the State was recommending concurrent sentences, the prosecutor never again spoke about that particular recommendation. Rather, the prosecutor highlighted Rogers's lengthy criminal history, Rogers's lack of accountability with respect to the domestic abuse charges, and the victim impact statement that was on file for the domestic charges.

---

repeatedly rejected by our supreme court. *See State v. Beck*, 845 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). So we have no jurisdiction to decide Rogers's ineffective-assistance-of-counsel claim.

(Internal citations omitted.)

Because Rogers challenges the sentencing hearing rather than his guilty plea, he has established good cause to pursue this direct appeal as a matter of right. *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021).[2]

"While some forms of sentencing error require a timely objection or challenge to preserve an issue for appellate review, an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable." *Id.* at 70. So "a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Id.* at 71.

"A prosecutor's failure to abide by the terms of a plea agreement taints the sentencing proceeding." *Id.* at 70. The taint is inherently prejudicial and requires the appellate court to vacate the sentence and remand the case for a new sentencing hearing in front of a different judge. *Id.*

"The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* at 71 (citation omitted). Rogers has failed to establish the prosecutor acted contrary to the common purpose of the plea agreement and thereby effectively deprived him of

---

[2] "Iowa Code section 814.6(1)(a)(3) provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause." *Boldon*, 954 N.W.2d at 68. "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

the benefit of the bargain. Here, the prosecutor did indeed recommend concurrent sentences in accord with the parties' plea agreement. The prosecutor stated, "pursuant to the plea agreement, the State is recommending those [domestic abuse] sentences be run concurrent," and "The State recommends that that [drug] sentence run concurrent with [the domestic abuse sentences] and also [the sentence for another offense], which the defendant has already been sentenced on." The prosecutor then discussed those factors that justified incarceration as she was allowed to do. *See State v. Frencher*, 873 N.W.2d 281, 285 (Iowa Ct. App. 2015) (finding that the prosecutor discussed the defendant's criminal history and negative information in the presentence investigation report "only to provide context to the sentencing recommendation"). At no time during the sentencing proceeding did the prosecutor suggest consecutive sentences would be more appropriate than concurrent sentences. At no time did the prosecutor express or imply any material reservation about the plea agreement or recommended sentence. The parties agreed the State would recommend terms of incarceration to be run concurrently while Rogers would be free make his own recommendation. That is what occurred. Although the sentencing court imposed consecutive terms of incarceration, that was not at the suggestion—either explicit or implicit—of the prosecutor. We conclude the prosecutor did not deprive Rogers of the benefit of the bargain.

The prosecutor complied with the letter and spirit of the plea agreement. Rogers failed to establish a breach of the agreement. We affirm Rogers's sentences imposed following his pleas of guilty.

**AFFIRMED.**