# IN THE COURT OF APPEALS OF IOWA

No. 20-0691
Filed October 20, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEREK ALEXANDER WESTWATER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (South) County, Mary Ann Brown, Judge.

The defendant challenges his sentence after pleading guilty to delivery of methamphetamine. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**POTTERFIELD, Senior Judge.**

As part of a plea agreement, Derek Westwater pled guilty to delivery of methamphetamine, a class "B" felony. In exchange for his guilty plea, the State agreed to dismiss a second charge, ask the court to impose a mandatory minimum prison sentence of five years, and recommend the sentence be served concurrent with Westwater's sentence in a separate case.

At the sentencing hearing in December 2019, the State was silent on the issue of whether Westwater's new sentence should be served concurrently or consecutively to his other sentence. And the court ordered Westwater to serve his sentence for delivery of methamphetamine consecutively to the sentence in his other case. Westwater appeals, claiming his trial counsel provided ineffective assistance by failing to object when the State breached the plea agreement.

Westwater pled guilty to a crime other than a class "A" felony after Iowa Code section 814.61(1)(a)(3) (Supp. 2019) took effect, so the first question is whether he has good cause to appeal. Because Westwater "does not challenge his guilty plea" but instead "challenges the sentencing hearing and his sentence, we conclude he has established good cause to pursue this direct appeal as a matter of right." *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (challenging whether the prosecutor breached the plea agreement at the sentencing hearing).

Next, we must decide whether section 814.7[1] prevents us from deciding Westwater's claim on direct appeal. In *Boldon*, which was decided after briefing

---

[1] This section provides:

> An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim need not be raised on direct

had been completed in this case, our supreme court held that section 814.7 did not preclude review of the defendant's claim because "an allegation the prosecutor breached the plea agreement at the time of sentencing is a species of sentencing error to which the traditional rules of error preservation are inapplicable." 954 N.W.2d at 70. In cases where a prosecutor breaches the plea agreement, "[t]he taint is inherently prejudicial and requires the appellate court to vacate the sentence and remand the case for a new sentencing hearing in front of a different judge." *Id.* "[T]his is true without regard to whether defense counsel objected to the prosecutor's breach of the plea agreement." *Id.* at 71. While Westwater framed his claim as one of ineffective assistance, he was not required to do so. *See id.* at 70 ("[W]e have not held a prosecutor's alleged breach *must be* or *can only be* resolved as a claim of ineffective assistance of counsel."). So we review Westwater's claim directly.[2] *See id.* at 70–71 (deciding defendant's claim "directly [on] the merits" because "[a] prosecutor's breach of the plea agreement at sentencing irreparably taints the sentencing proceeding and a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection"); *see also State v. Gruel*, No. 20-1048, 2021 WL 3378833, at *5 (Iowa Ct. App. Aug. 4, 2021).

---

appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes, and the claim shall not be decided on direct appeal from the criminal proceedings.

Iowa Code § 814.7.

[2] Because we conclude section 814.7 does not preclude us from deciding Westwater's claim on the merits, we do not consider his arguments that the statute is unconstitutional. Additionally, we do not consider his alternative argument asking us to adopt plain error review.

On appeal, the State argues the prosecutor did not violate the plea agreement because, while making his recommendation on sentencing, the prosecutor made a general reference to the presentence investigation (PSI) report and the plea agreement. The prosecutor stated:

> Your Honor, this is a class "B" felony drug offense. Therefore, as far as the discretion the court has, I believe a prison sentence is mandatory. However, the court does have some discretion here under 124.413 of the Code as to imposition of a mandatory minimum sentence.
>
> *In light of the PSI*, the State is recommending—*and consistent with the plea agreement in this matter*, the State is recommending a five-year mandatory minimum.[3]

---

[3] The prosecutor continued:

> In reviewing the PSI, Mr. Westwater does have a lengthy history of criminal offenses, which do include some violent offenses. There are several instances of resisting law enforcement. I believe I saw a couple of assault on peace officers causing injury, a couple domestics, a bunch of traffic stuff that's not really pertinent, I guess, as far as the State is concerned for purposes of today.
>
> However, he additionally has a long history of controlled substance violations, from possession of marijuana to a couple of priors, it looks like, involving distribution of controlled substances, including methamphetamine, which is what we are here for today. I would note this offense does involve a delivery of more than 5 grams of methamphetamine.
>
> He has had the opportunity for probation and parole. He has had opportunities to address substance abuse issues. It looks like he's had opportunities to address mental health issues, none of which have been successful, I guess, to prevent Mr. Westwater from continuing to violate the law.
>
> So for these reasons, apparently, we believe the imposition of a five-year mandatory minimum would be appropriate.
>
> And some positives, I guess, to say about Mr. Westwater to further support the number of the five-year mandatory minimum. Although he doesn't have a history of stable employment, it looks like he is employable, if he were to address his substance abuse issues. It looks like he has a significant history of substance abuse problems dating back to when he was a child. He had some severe emotional problems.
>
> If he were able to address those after serving his sentence and potential parole or work release, depending on how the Department of Corrections determines to parole him, if those issues

(Emphasis added.)

First, while the prosecutor referenced the PSI report and plea agreement, it was while discussing the State's recommendation regarding the five-year mandatory minimum specifically. And second, even if we understood his statement to be more general in nature, alluding to the agreement to recommend concurrent sentences is not sufficient to give "[Westwater] the benefit of the bargain." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa 2015). Where the State has promised to recommend a particular sentence, "the prosecutor [is required] to present the recommended sentence with his or her approval, to commend these sentences to the court, and to otherwise indicate to the court that the recommended sentence [is] supported by the State and worthy of the court's acceptance." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). "A prosecutor must take care to properly carry out all obligations and promises of the [S]tate in good faith." *State v. Bearse*, 748 N.W.2d 211, 215 (Iowa 2008).

Because the prosecutor breached the plea agreement in this case, we "vacate [Westwater's] sentence and remand the case for a new sentencing hearing in front of a different judge." *Boldon*, 954 N.W.2d at 70.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

were to be addressed, I think he could be employable and could probably better himself. But that's going to be up to him to do in the long run. And given those potentials, I think five years is a good number for him to sit on.

Like I said, unfortunately, thus far he hasn't addressed those issues and he's continuing to violate the law. But perhaps he does still have some potential in the future after serving this sentence.

The State would also ask the court to order $425.00 in restitution to the Lee County Narcotics Task Force as a result of the controlled buy in this matter.