# IN THE COURT OF APPEALS OF IOWA

No. 23-1365
Filed July 3, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ZACHARY JAMES CHELF,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

 Defendant appeals his sentence, alleging the State breached the plea agreement. **AFFIRMED.**

 Webb L. Wassmer of Wassmer Law Office, PLC, Marion, for appellant.

 Brenna Bird, Attorney General, and Joshua A. Duden, Assistant Attorney General, for appellee.

 Considered by Ahlers, P.J., Badding, J., and Blane, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BLANE, Senior Judge.**

Zachary Chelf appeals the sentence imposed following his guilty plea. He claims the State violated the plea agreement by stating he is a "good fit" for a residential correctional facility (RCF) as part of supervised probation. Upon our review, we find the State did not breach the plea agreement and affirm.

## I. Background facts and proceedings.

The trial information charged Chelf with count 1, controlled substance violation, in violation of Iowa Code section 124.401(1)(b)(7) (2020), a class "B" felony; count 2, failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12; and count 3, first offense possession of a controlled substance— marijuana, in violation of Iowa Code section 124.401(5). Pursuant to a written plea agreement, Chelf pled guilty to a lesser-included offense of count 1, possession with intent to deliver methamphetamine, a class "C" felony, with dismissal of counts 2 and 3 and removal of the habitual offender enhancement. The State agreed to "recommend supervised probation" at sentencing. The parties conditioned their plea agreement on the court's approval. *See* Iowa R. Crim. P. 2.10(3).[1]

In June 2023, Chelf entered his guilty plea. In its written order, the court confirmed

> Defendant's plea of guilty is pursuant to a plea agreement which is
> conditioned upon the Court's concurrence, and the Court accepts the
> plea agreement. The Court will embody in the judgment and
> sentence the disposition provided for in the plea agreement or

---

[1] Iowa Rule of Criminal Procedure 2.10(3) provides that a plea agreement may be "conditioned upon the court's approval of a sentencing agreement between the parties." If accepted, the court will "adopt the disposition provided for in the agreement or another disposition more favorable to the defendant." Iowa R. Crim. P. 2.10(3)(a).

another disposition more favorable to Defendant than provided for in the plea agreement.

The court also ordered a presentence investigation report (PSI) be prepared before sentencing.

The PSI "strongly recommended" incarceration. But, if the court granted probation, it recommended "at a minimum" that Chelf be ordered to complete an RCF program and be held in the jail until a bed becomes available and to resolve new criminal charges pending against him in other counties.

At sentencing in August 2023, the prosecutor recommended supervised probation per the agreement. The court noted the PSI recommendation for an RCF, to which the prosecutor responded Chelf had not been evaluated for such a program. The prosecutor continued, "But the State is in agreement that he would be a good fit for that."

Defense counsel then made the following sentencing recommendation:

> Well, Your Honor, we . . . would just ask for supervised probation. We'll leave the discretion as it relates to conditions of that probation to the Court. The recommendation is certainly based on, well, what the State had intimated, if not made clear, both now and informally before this hearing was placed on the record sort of as to the reasons for that recommendation, so we would ask for the same. Also, just kind of personally, I'm not a huge proponent of addicts receiving terms of incarceration, as I don't think that does anything but perpetuate the problem, so I would just ask for the Court to follow the plea agreement.

The district court imposed a ten-year sentence, suspended, and placed Chelf on probation with five "specific conditions":

> Defendant shall (1) successfully complete the program at the [RCF] in Davenport, Iowa; (2) obtain a mental health evaluation and successfully complete any recommended treatment; (3) obtain a substance abuse evaluation and successfully complete any recommended treatment; (4) abstain from the use of alcohol and

controlled substances and submit to random urinalysis testing to ensure compliance; (5) maintain employment; and (6) satisfy all court obligations.

Chelf appeals,[2] contending the State breached the plea agreement when the prosecutor recommended that Chelf be required, as a condition of supervised probation, to successfully complete the RCF program.

## II.    Standard of review.

"We review criminal sentences for correction of errors at law." *State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022). "To warrant reversal of a sentence, the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted). "Breach of a plea agreement is such a defect." *Id.*

## III.    Discussion.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration [for the plea], such promise must be fulfilled." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Thus, we hold prosecutors "to the most meticulous standards of both promise and performance." *Id.*; *accord Patten*, 981 N.W.2d at 131. "Where the State technically complie[s] with the agreement by explicitly recommending the agreed-upon sentence but expresse[s] material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprive[s] the defendant of the benefit of the bargain and breache[s] the

---

[2] The State agrees that Chelf has shown good cause to appeal. *See State v. Damme*, 944 N.W.2d 98,105 (Iowa 2020).

plea agreement." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). "We require strict, not substantial, compliance with the terms of plea agreements. Violations of either the terms or the spirit of the agreement, even if seemingly minor, are intolerable and adversely impact the integrity of the prosecutorial office and the entire judicial system." *Patten*, 981 N.W.2d at 131 (cleaned up for readability).

> We define the prosecutor's duty to "recommend" a sentence as follows:
>> (1) "to mention or introduce as being worthy of acceptance, use, or trial," (2) "to make a commendatory statement about as being fit or worthy," (3) "to bring forward as being fit or worthy," (4) "present with approval," (5) "indicate as being one's choice for something or as otherwise having one's approval or support," (6) "offer or suggest as favored by oneself."

*State v. Davis*, 971 N.W.2d 546, 557 (Iowa 2022) (quoting *State v. Bearse*, 749 N.W.2d 211, 216 (Iowa 2008)). One way to violate the duty of strict compliance is to "undercut" one's own recommendation "by referring to the different sentencing recommendation in the [PSI]." *State v. Boldon*, 954 N.W.2d 62, 72 (Iowa 2021).

Chelf argues that by agreeing that he was "a good fit" for the RCF program "the State deviated from the plea agreement which limited the State to recommending supervised probation, but which did not allow the State to recommend any conditions of supervised probation."

The State responds that it fulfilled its obligation and recommended to the court that Chelf receive supervised probation. The prosecutor agreeing that Chelf would be a "good fit" for RCF only "referred to a *condition* of Chelf's supervised probation." (Emphasis added.) According to the State, this "did not transform the State's recommendation into something improper." And Chelf agreed at the

hearing to "leave the discretion as it relates to conditions of that probation to the court."

We find here that the State did not breach the agreement.[3] Iowa Code section 907.3 provides that at sentencing, "the court may suspend the sentence and place the defendant on probation upon such *terms and conditions* as it may require including commitment to an alternate jail facility or a *community correctional residential treatment facility* to be followed by a period of probation." Iowa Code § 907.3(3) (emphasis added).

In a case where the plea agreement was for a suspended sentence with supervised probation, as here, our court praised the State for discussing conditions of supervision: "[P]rosecutors are not prohibited from recommending appropriate conditions of probation, such as maintaining employment, submitting to urine analysis, obtaining substance-abuse evaluations, and completing any recommended treatment. Suggestions of this kind can reassure the sentencing court that the defendant can be appropriately supervised in the community." *State v. Pennington*, No. 18-1628, 2019 WL 5063318, at *3 (Iowa Ct. App. Oct. 9, 2019). The court here imposed just such conditions of probation, of which the RCF program was only one as recognized in the statute. *See State v. Keller*, No. 17-1854, 2018 WL 6120047, at *1 (Iowa Ct. App. Nov. 21, 2018).

Chelf's argument that under the plea agreement he had bargained for and was entitled to "straight" probation is unpersuasive as it is contrary to Iowa Code

---

[3] That said, the better practice is for counsel to be specific whether conditions of probation, such as commitment to RCF, are included or excluded in the plea agreement.

section 907.3(3). The plea agreement only required the State to recommend supervised probation. There were no limitations on the State discussing conditions of probation, and Chelf himself recommended those be left to the court's discretion. Chelf received the benefit of his plea bargain, including a recommendation from the State that contained no material reservation or undercutting language. We affirm.

**AFFIRMED.**

Badding, J., concurs; Ahlers, P.J., dissents.

**AHLERS, Presiding Judge** (dissenting).

I agree with the majority that placement at a residential correctional facility (RCF) is a permissible condition of probation. As a result, a prosecutor who agrees to recommend supervised probation as part of a plea agreement may technically comply with the agreement by recommending placement at an RCF as a condition of probation. But our law requires more than technical compliance—it requires compliance with the spirit of the agreement. *See State v. Patten*, 981 N.W.2d 126, 131 (Iowa 2022) (noting that violations of the spirit of the plea agreement, even if seemingly minor, are intolerable because "we are compelled to hold prosecutors and courts to the most meticulous standards of both promise and performance" (citation omitted)). In my view, a prosecutor adding a recommendation for placement at an RCF—as happened here—violates at least the spirit of a plea agreement that called for a bare "supervised probation" recommendation.

After decades in criminal practice and on the trial bench with a heavy criminal caseload, my experience has been that placement at an RCF is an entirely different animal than supervised probation without placement at an RCF. As such, if the parties agree to recommend placement at an RCF, the agreement say so. If the agreement doesn't say so, then placement at an RCF is not part of the deal.

That experience is consistent with what happened here. At sentencing, the attorneys for both sides confirmed that they had received the presentence investigation report (PSI). The PSI recommended incarceration but provided an alternative recommendation of a suspended sentence with placement at an RCF if the court did not order incarceration. Despite knowing that the alternative recommendation from the PSI included placement at the RCF, when asked to

recite the State's sentencing recommendation, the prosecutor asked the court to "follow the plea agreement" and the State was "recommending supervised probation." The prosecutor made no reference of any kind to placing Chelf at an RCF as a term of probation. This is consistent with the common practice of "supervised probation" being a different recommendation than "supervised probation with placement at an RCF," and it signals to me that the prosecutor was aware of the distinction because he stuck to the agreed-upon recommendation of a suspended sentence without any reference to placement at an RCF knowing that the PSI recommended otherwise. After the prosecutor recited the agreed-upon recommendation of supervised probation, the district court mentioned the PSI recommendation for placement at an RCF if imprisonment was not imposed and asked the prosecutor if Chelf had been "screened for RCF." The prosecutor answered the question by saying, "I don't believe so." But the prosecutor didn't stop there. Instead, he volunteered that "the State is in agreement that he would be a good fit for that." That is where I conclude the prosecutor crossed the line.

In my view, this sequence of events shows that the prosecutor initially complied with the terms and spirit of the plea agreement by recommending a suspended sentence with no reference to placement at an RCF. Once the court expressed some apparent interest in an RCF placement, the prosecutor used the opportunity to change the State's recommendation to tack on an RCF placement recommendation. This pivot by the prosecutor could be viewed as a violation of the express terms of the plea agreement, but, at the very least, it violated the spirit of the agreement.

There is good reason for the practice of treating placement at an RCF different than commonplace terms of probation such as obeying all laws, meeting with a probation officer, etc. Placement at an RCF involves significantly greater restrictions on the defendant's liberty than many other terms of probation. When placed at an RCF, rather than going home while trying to fulfill the terms of probation, the defendant is required to live in a type of correctional facility. Further, as happened here, the defendant can be required to remain in custody while waiting for a bed at the RCF. *See* Iowa Code § 907.8(3) (2020). This significant restriction on a defendant's liberty is why placement at an RCF is treated differently than other terms of probation in plea negotiations and in sentencing recommendations, and it is why I would find the prosecutor breached the spirit, if not the express terms, of the plea agreement here. If the prosecutor intended to recommend placement at an RCF as part of the State's agreement to recommend supervised probation, then the prosecutor should have said so. By not saying so, placement at an RCF was not part of the joint recommendation contemplated by the plea agreement, and the prosecutor breached at least the spirit of the agreement when it tacked on the RCF recommendation.

Because I conclude the State breached the plea agreement, I would vacate the sentence and remand for resentencing before a different judge. *See State v. Davis*, 971 N.W.2d 546, 558 (Iowa 2022) ("The remedy for the State's breach is 'resentencing by a different judge, with the prosecutor obligated to honor the plea agreement and sentencing recommendation.'" (quoting *State v. Lopez*, 872 N.W.2d 159, 181 (Iowa 2015))). For this reason, I respectfully disagree with and dissent from the majority opinion.