# IN THE COURT OF APPEALS OF IOWA

No. 24-1427
Filed October 1, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ROBERT DONALD POOL IV,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Celene Gogerty, Judge.

A defendant appeals his sentences for intimidation with a dangerous weapon and domestic abuse assault. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

Armed with a claim that the State breached its plea agreement, Robert Pool IV appeals his sentences for intimidation with a dangerous weapon, a class "D" felony in violation of Iowa Code section 708.6(2) (2024), and domestic abuse assault, a simple misdemeanor in violation of Iowa Code section 708.2A(2)(a).[1] Pool entered an *Alford* plea to those charges,[2] under which the parties agreed that the State could resist his request for a deferred judgment but would recommend suspended sentences with probation.

At the sentencing hearing, the district court considered both parties' recommendations and noted that "they made a good argument for probation." But the court also observed that Pool had been unsuccessful when given that opportunity before, explaining: "the last time we gave you probation, you didn't even sign up, and then you committed a very serious offense." As a result, the court imposed concurrent sentences of incarceration and declined to suspend them.

On appeal, Pool claims the State breached the plea agreement by failing to advocate for suspended sentences and probation. The State concedes that Pool has established "good cause" to pursue this direct appeal under Iowa Code section 814.6(1)(a)(3). *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). But

---

[1] The Iowa Supreme Court granted Pool's application for discretionary review of his simple misdemeanor conviction and consolidated it with the direct appeal from the felony conviction.

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the plea).

it contests error preservation because Pool failed to object to the alleged breach at the sentencing hearing. This argument, as the State acknowledges, runs headlong into contrary precedent from our supreme court that "a claim of breach is reviewable on direct appeal even in the absence of contemporaneous objection." *Id.* at 71. Although the State urges the Iowa Supreme Court to "reconsider its approach to error preservation on these kinds of claims," this appeal has been transferred to our court, and we must apply controlling precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). We accordingly turn to the merits of Pool's appeal.

"The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Boldon*, 954 N.W.2d at 71 (quoting *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). When the prosecutor has agreed to make a particular sentencing recommendation, the prosecutor must do more than "simply informing the court of the promise the State has made to the defendant with respect to sentencing." *Frencher*, 873 N.W.2d at 284 (citation omitted). Rather, the State "must actually fulfill the promise." *Id.* This means the prosecutor must specifically recommend the agreed-upon sentence and give some reason in support of that recommendation. *State v. Davis*, 971 N.W.2d 546, 557 (Iowa 2022). A breach occurs when the prosecutor expresses material reservations about the plea agreement or undermines the agreed-upon recommendation—even if the

recommendation is technically made. *Frencher*, 873 N.W.2d at 284; *see also*
*Davis*, 971 N.W.2d at 557 (disapproving of the prosecutor paying "cryptic lip
service" to the plea agreement).

Pool contends that this is what happened here. He argues the prosecutor's
remarks were "overwhelmingly negative" and lacked the advocacy required under
the plea agreement. *See State v. Patten*, 981 N.W.2d 126, 134 (Iowa 2022)
(vacating a defendant's sentence because the defendant "was deprived of the
benefit of his [plea] bargain—a recommendation *from the prosecutor*, free from
material reservations"). We disagree.

The record reflects that, consistent with the parties' plea agreement, the
prosecutor advocated for probation while arguing against Pool's request for a
deferred judgment. The prosecutor began by making a statement that the
investigation and actions of Pool supported each of the charges. But the
statements that followed explained why the State was recommending probation:

> With regard to several things that [defense counsel] said, I
> agree. When I look at Mr. Pool's criminal history, he does not have
> a lengthy criminal history like most people that we see in this
> courtroom, Your Honor.
> The other thing I do see is I see someone who has not had
> the family support or the community support that one does need
> when growing up. I was a child on the street myself, and thankfully I
> still had a family member or two that could still provide protection and
> structure to myself. I don't think Mr. Pool has had that.
> I do understand that this Court probably had concerns that he
> was placed on probation in Greene [County] and he came to Des
> Moines. He came to Des Moines because he does have [his
> girlfriend] and her family. Now, mind you, he got out of pocket—I'll
> use his words—that whole night. It was a bad situation. And when
> a gun is involved, it makes it even more dangerous and even that
> much more concerning to us all.
> But I don't know if I've ever actually had a young woman with
> such a strong support system. Normally, I'm in much more fear for

my victims because they don't have anyone there to support and love them and make sure they're safe. This is not that case.

In speaking to her mother, they are trying to assist Mr. Pool on trying to get on the right road and assist him with his probation and those kinds of things.

I'm not justifying him absconding from probation in Greene County, but I do think that's why he came here. And instead of facing his problems and facing probation, he ran from them. And that, again, show immaturity of someone. . . .

I do believe that, based on the [presentence investigation report], they also recommended for Mr. Pool to be on probation. . . .

. . . .

I think he is redeemable. I think he has been humbled by this whole process. I do agree with [defense counsel]; getting in and out of jail is quite a concept. I do hope—and I've listened to his calls. I do find that he has been humbled in some ways.

And with that, I do hope that, here in Polk County, we have more services, we have more structure. We have the ability to keep a better eye on him and to give him the services that he needs so hopefully he's not here.

I do not think a deferred is appropriate, though. I do have issues with the deferred because I do have issues with a firearm. I believe that having these convictions do prohibit him from having a firearm. I do believe that these charges that night are egregious and they are scary, and so to not have this on his history does cause concern for the State.

We have amended the charge so that we are able to negotiate probation, and I do think that's appropriate, but I do not think a deferred is appropriate, especially with the ongoing violations of the no-contact order and that he did abscond from probation.

Pool argues the State's "overwhelmingly negative comments about [him] and his alleged actions fell short of the advocacy it promised in exchange for Pool's guilty plea." But highlighting the negative aspects of the offense or a defendant's criminal history is not a breach of the plea agreement. *See, e.g.*, *Frencher*, 873 N.W.2d at 285 (finding no breach where the prosecutor discussed the defendant's criminal history and other negative information to provide context to the sentencing recommendation); *State v. Pearl*, No. 13–0796, 2014 WL 1714490, at *3 (Iowa Ct. App. Apr. 30, 2014) (finding no breach where the prosecutor provided context for

the State's recommendation but did "not propose alternative sentences or reference the sentencing recommendation contained in the presentence investigation report" and "urge[d] the court to adopt the terms of the agreement").

At no point did the prosecutor express material reservations about the plea agreement or undermine the agreed-upon recommendation. Instead, while still acknowledging the seriousness of the offense, the prosecutor highlighted Pool's lack of significant criminal history to give some context to the sentencing recommendation. In further support of that recommendation, the prosecutor emphasized Pool's lack of family support as a child, unlike the support system currently available through his girlfriend's family and the increased probation services available to him in Polk County. The prosecutor also highlighted the presentence investigation report's recommendation for probation and explained that the State actually "amended the charge so that we are able to negotiate, and I do think that's appropriate."

These statements clearly show the State's advocacy in recommending suspended sentences and probation. Finding no breach of the plea agreement, we affirm the sentences imposed.

**AFFIRMED.**