# IN THE COURT OF APPEALS OF IOWA

No. 20-1200
Filed August 4, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BRETT SAMUEL DENNIS, SR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea (plea) and Thomas Reidel (sentencing), Judges.

Brett Dennis appeals his sentences imposed following guilty pleas, asserting the State breached the plea agreement. **AFFIRMED**.

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Brett Samuel Dennis Sr. robbed a retail establishment at gunpoint and then fled the scene. The next day, in an unrelated matter, law enforcement officers attempted to initiate a *Terry*[1] stop of Dennis following their observations of suspicious behavior. Dennis fled from the officers. When one of the officers caught up to Dennis and tried to detain him, Dennis used the firearm he was carrying to shoot the officer in the leg and the chest.[2] Based on these two incidents, Dennis was charged with several crimes.

Pursuant to a plea agreement, Dennis ultimately pleaded guilty to charges related to both incidents. For the first incident, Dennis pleaded guilty to robbery in the second degree, in violation of Iowa Code sections 711.1 and 711.3 (2019). For the second incident, Dennis pleaded guilty to attempted murder, in violation of Iowa Code section 707.11, and possession of a firearm by a felon, in violation of Iowa Code section 724.26(1). The sentence for the charge stemming from the first incident was ordered to be served consecutively to the sentences for the charges stemming from the second incident, with the two charges stemming from the second incident ordered to be served concurrently to each other.

I.     **Issues Raised**

Dennis appeals from the sentences imposed. He argues the State breached the plea agreement by arguing for consecutive sentences, the district

---

[1] *See Terry v. Ohio*, 392 U.S. 1, 27 (1968) (permitting seizure of a person and a search for weapons by an officer who has reason to believe the detained person is armed and dangerous, regardless of whether there is probable cause to arrest the person).

[2] The bullet fired into the officer's chest was stopped by the officer's bullet-proof vest.

court considered facts not admitted or proved, and the district court improperly considered the shooting victim's request for consecutive sentences in the victim's impact statement. Dennis also raises claims of ineffective assistance of counsel due to counsel's failure to object to the State's alleged breach of the plea agreement or the district court's alleged consideration of improper factors. He also raises various constitutional challenges to Iowa Code section 814.7—a statute that precludes us from hearing ineffective-assistance-of-counsel claims on direct appeal—and urges us to adopt the plain error doctrine if we do not consider his ineffective-assistance-of-counsel claims on direct appeal.

## II.      Limitation of Issues Addressed

We begin by noting Dennis is permitted to appeal his sentences despite the fact he entered guilty pleas because he challenges his sentences and not the guilty pleas. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) (holding Iowa Code section 814.6's requirement of good cause before permitting appeal following a guilty plea is satisfied when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea agreement).

In assessing the challenges to the sentences, it is unnecessary to address Dennis's ineffective-assistance-of-counsel claims, all of which are based on defense counsel's failure to object to events at the sentencing hearing. We need not address these claims because each claim of alleged sentencing error is reviewable without an objection having been lodged with the district court. Specifically, *State v. Boldon* allows us to address sentencing error on direct appeal based on alleged breach of a plea agreement despite the failure to object because such claims are "a species of sentencing error to which the traditional rules of error

preservation are inapplicable." 954 N.W.2d 62, 70 (Iowa 2021). Likewise, *State v. Gordon* reiterates that an objection before the district court is not required before we are permitted to address claims that the district court considered improper factors at sentencing. 921 N.W.2d 19, 25 (Iowa 2018). As we are able to address each of Dennis's claims on the merits, it is unnecessary to address Dennis's ineffective-assistance-of-counsel claims or his constitutional challenges to section 814.7.

## III. Discussion of the Merits

We now turn to the merits of Dennis's claims.

### A. Claimed Breach of the Plea Agreement

We start with Dennis's claim the State breached the plea agreement. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Boldon*, 954 N.W.2d at 71 (quoting *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). A prosecutor's failure to abide by the terms of the plea agreement taints the sentencing proceeding such that the sentence must be vacated and a new sentencing hearing be ordered in front of a different judge. *Id.* at 70.

The plea agreement called for the prosecutor to reduce certain charges and dismiss others. It also called for the prosecutor to recommend concurrent sentences for the two charges stemming from the second incident (i.e., the attempted murder and possession-of-a-firearm-by-a-felon charges), and it

provided "[t]he State will defer to the court whether the sentences [stemming from the first and second incident] run concurrent or consecutive with each other."

Dennis asserts the State breached the last-described term of the plea agreement when the prosecutor stated, "Your Honor, the State's recommendation is for incarceration, of course, not only because the defendant is being sentenced on forcible felonies in both cases, but because incarceration is appropriate in both cases." Dennis contends the only purpose of arguing for incarceration was to try to convince the district court to order the sentences stemming from the two incidents consecutively, which would violate the plea agreement. We disagree.

First, although the attempted-murder and robbery-in-the-second-degree charges are forcible felonies that required incarceration,[3] whether to order incarceration for the possession-of-a-firearm-by-a-felon charge was still undecided. The State was entitled to makes its pitch for incarceration on that charge, and doing so did not violate the plea agreement.

Second, we do not view the prosecutor's comments as a veiled recommendation for consecutive sentences. The plea agreement did not call for the State to recommend that the sentences related to the first incident be ordered to be served concurrently to the sentences related to the second incident, nor did it call for the State to remain silent at sentencing. It only called for the State to defer to the court on the concurrent-versus-consecutive decision. The prosecutor

---

[3] *See* Iowa Code §§ 702.11 (defining forcible felony to include felonious assault and robbery), 907.3 (negating options of a deferred judgment, deferred sentence, or suspended sentence for a defendant being sentenced for a forcible felony); *State v. Terry*, 569 N.W.2d 364, 366 (Iowa 1997) (holding attempted murder qualifies as a forcible felony because it is a felonious assault).

did not violate the plea agreement by pointing out the prosecutor's position that Dennis's conduct in both incidents warranted incarceration irrespective of the mandatory imprisonment for two of the three charges.

Third, even if we accepted Dennis's claim the prosecutor's comments could be construed as a veiled recommendation for consecutive sentences, that veil was unambiguously lifted when the prosecutor expressly stated that the State was "deferring to the court on whether or not the sentences in the two cases should run concurrent or consecutive to each other."

We find no breach of the plea agreement.

## B. Claimed Improper Factors—Facts Surrounding Charges

The district "court's decision to impose a particular sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *Boldon*, 954 N.W.2d at 73 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). Unproven facts contained in the minutes of evidence are not a permissible sentencing consideration. *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014).

Dennis claims the State improperly referred to unproven facts outside those necessary to establish the attempted-murder offense to which he pleaded guilty when the prosecutor made the following statements to the court:

> [T]his defendant tried to kill a police officer by shooting him in the chest and only didn't succeed because that police officer, thank God, was wearing a vest.
> This defendant absolutely intended to kill [the officer] that day. After he shot him twice and ran away, he stood behind a tree and positioned himself so that he could shoot him again and only didn't

> succeed because a concerned citizen yelled out to [the officer] to stop and not to go around the corner of the house.

These factual allegations by the prosecutor were contained in the minutes of evidence in the attempted murder case. Dennis asserts the reference to him standing behind the tree and positioning himself to shoot the officer again are unproved factual allegations that could not be considered by the court. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982) ("We have approved using the minutes to establish a factual basis for the charge to which the defendant pleads guilty. However, where portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the sentencing court to consider and rely on these portions." (citations omitted)).

Dennis's claim is unpersuasive. Dennis pleaded guilty to attempted murder. This required the State to prove, as one of the elements of the offense, that Dennis intended to cause the death of the officer. *See* Iowa Code § 707.11. In submitting his guilty plea,[4] Dennis not only admitted specific facts supporting his guilty plea, but he also stated, "I accept the minutes of testimony[5] as substantially true as to

---

[4] Dennis's guilty plea was entered via written plea rather than in court, as permitted by supreme court supervisory orders stemming from the COVID-19 pandemic.

[5] It appears Iowa began allowing the prosecution of criminal offenses via information in addition to indictment by grand jury with legislation passed in 1911. *See* 1911 Iowa Acts ch. 188. From the beginning, the document required to be filed with the information that included the names of witnesses was tagged "minutes of evidence." *See id.* § 4. That tag has continued through our current rules of criminal procedure. *See* Iowa Rs. Crim. P. 2.4(6)(a), (b), 2.5(3) (referring to the filing that accompanies an indictment and an information that includes witness names and details of the witness's expected testimony as "minutes of evidence"). In spite of the "minutes of evidence" tag that has existed from the beginning and has continued through the present, the tag "minutes of testimony" has surfaced to describe the same document. As a result, many attorneys, judges,

the elements of these charges, with the exclusion of the following statements: _____." The minutes of evidence included the information of which Dennis now complains. Specifically, the minutes state that, after Dennis shot the officer, he ran away and then positioned himself behind a nearby tree while still holding the firearm—a position described as an "ambush position" by the homeowner who warned the officer of Dennis's continued presence. In spite of his own guilty plea including prompts for Dennis to list any statements in the minutes of evidence with which he disagreed, Dennis chose not to disagree with any such statements. Also, when given the opportunity at the sentencing hearing to disagree with any statements in the presentence investigation report (PSI), which incorporated the minutes of evidence by reference, Dennis declined to do so. Given the fact an element of the offense was that Dennis intended to kill the officer, the fact that Dennis was able to distance himself from the officer after shooting him but, rather than continuing to flee, took a position that would allow him to take the officer by surprise and shoot him again was additional evidence of Dennis's intent to kill the

forms, court opinions, and miscellaneous documents refer to "minutes of testimony." Even our own electronic data management system (EDMS), implemented statewide less than ten years ago, succumbed to this temptation by referring to such filings as "minutes of testimony." In fairness to those perpetuating the interchangeable use of the two tags, some of the confusion is created by inconsistencies in our very own rules. *See* Iowa Rs. Crim. P. 2.4 (consistently referring to "minutes of evidence," except for one reference to "minutes of testimony" in rule 2.4(6)(c)); 2.5 (consistently referring to "minutes of evidence" throughout); 2.11 (consistently using "minutes of evidence" throughout rule 2.11(6), but then inexplicably switching to "minutes of testimony" throughout rule 2.11(12)); 2.14 (using "minutes of evidence" the one time mentioned). While we prefer to refer to these filings by the "minutes of evidence" tag provided for in the rules describing and defining those filings (i.e., Iowa Rs. Crim. P. 2.4(6) and 2.5(3)), as the legal profession seems irresistibly drawn to continued use of "minutes of testimony," we will use the two tags interchangeably when it is necessary to do so.

officer. As such, Dennis admitted those facts in his guilty plea when he acknowledged the minutes were "substantially true as to the elements of these charges." For this reason, it was not improper for the State to mention these facts or the district court to consider them.

Furthermore, even if we were to assume for the sake of argument that Dennis had not admitted these facts, unproven facts presented to the district court only result in sentencing error if the district court relied on them in determining the sentence. *See Formaro*, 638 N.W.2d at 725 ("We will not draw an inference of improper sentencing considerations which are not apparent from the record."); *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990) ("The fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that [the judge's] discretion was properly exercised. . . . [T]here must be an affirmative showing that the trial judge relied on the uncharged offenses."). If a sentencing court considers an improper factor, resentencing is required even if the improper factor was only a secondary consideration. *See Boldon*, 954 N.W.2d at 73. However, it is Dennis's obligation to demonstrate that the district court abused its discretion by considering impermissible factors. *See Lovell*, 857 N.W.2d at 242–43. Dennis has made no showing that the district court considered the facts at issue in reaching its sentencing decision, as the court made no reference to them in imposing sentence. Therefore, Dennis has failed to show an abuse of discretion and is not entitled to resentencing on this basis.

### C.    Claimed Improper Factors—Victim Impact Statement

The officer Dennis shot gave a victim impact statement at sentencing that included the officer's request that consecutive sentences be imposed. Dennis

contends the victim's request for consecutive sentences went beyond the scope of what may be included in a victim impact statement and accordingly was an improper sentencing factor. We disagree.

Iowa Code chapter 915 is known as the "Victim Rights Act." Iowa Code § 915.1. It sets out various rights afforded to crime victims in Iowa. Those rights include presenting a victim impact statement to the court. Iowa Code § 915.21. Iowa Code section 915.21(2) lists topics that a victim impact statement may contain, none of which expressly include giving a recommendation of what the sentence should be. Dennis focuses on this omission to suggest it was improper for the victim to include a recommendation for consecutive sentences. However, nothing in section 915.21 suggests the list of topics is exhaustive. Further, one of the topics listed is "[a]ny other information related to the impact of the offense upon the victim." *Id.* § 915.21(2)(e). We believe this catchall encompasses a crime victim expressing an opinion about what sentence should be imposed. By definition, a victim impact statement is a tool to present information to the court about "the physical, emotional, financial, or other effects" the offense has had on the victim. *Id.* § 915.10(4). How long the criminal defendant will be incarcerated may have a profound effect on the victim's emotional well-being and the ultimate impact the crime has on the victim. The victim is entitled to provide input on this important decision as part of the "other information related to the impact of the offense upon the victim." *See id.* § 915.21(2)(e).

We also note that Iowa Code section 901.5 directs the sentencing judge to receive and examine "all pertinent information" in determining an appropriate sentence. Our supreme court has interpreted "all pertinent information" to include

the sentencing recommendations of the PSI author.  *See State v. Headley*, 926 N.W.2d 545, 552 (Iowa 2019).  Iowa Code section 901.2 and 901.3 provide details about what information should be included in a PSI.  Those sections do not expressly list sentencing recommendations as one of the pieces of information to be included in the PSI report, just as section 915.21(2) does not expressly list sentencing recommendations as one of the topics to be included in a victim impact statement.  Despite the fact sentencing recommendations is not listed as one of the pieces of information to be included in a PSI, our supreme court rejected the claim that consideration of such information contained in a PSI was improper, as the recommendations were "pertinent information" to consider under section 901.5.  *Headley*, 926 N.W.2d at 552.  The same logic applies here.  Even though sentencing recommendations are not expressly listed as information to be included in a victim impact statement, such recommendations are part of the "pertinent information" the sentencing court can consider.  Of course, just like the sentencing recommendations in a PSI, the court is not bound by any such recommendations given in a victim impact statement.  *See id.* (reiterating that the court is not bound by the sentencing recommendations in a PSI).

Further, even if we assumed for sake of discussion the victim's sentencing recommendation was improper, our supreme court has noted the importance of victim impact statements and the reality that they will often include impermissible comments.  *See State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998).  In reflecting on this phenomenon, our supreme court noted, "[w]e trust that our district courts, when weighing such statements as part of the sentencing determination, will filter out improper or irrelevant evidence.  Without any clear evidence to the contrary,

we assume the district court did so in the case at bar." *Id.* Here, there is no evidence, let alone clear evidence, that the district court considered the victim's request for consecutive sentences in its sentencing decision. Instead, the court relied heavily on the fact it considered Dennis to be extremely dangerous and the need to protect the community with consecutive sentences. Accordingly, we find Dennis's argument unpersuasive on this point as well.

Finally, we reject Dennis's argument that the prosecutor violated the plea agreement by soliciting the victim's impact statement that included a request for consecutive sentences. It is true that the State cannot evade its obligation to honor its plea agreement by soliciting a victim impact statement urging a harsher sentence than called for by the plea agreement. *See State v. Lopez*, 872 N.W.2d 159, 174 (Iowa 2015). However, nothing in this record indicates the prosecutor solicited the sentencing recommendations contained in the victim's impact statement. *See id.* (rejecting claim the prosecutor solicited a victim impact statement that argued for a harsher sentence when "[n]othing in the record" indicated such solicitation). The mere fact the prosecutor had a copy of the statement does not demonstrate the prosecutor solicited the information contained in it.

## IV. Conclusion

We reject Dennis's claims on their merits. The State did not breach the plea agreement, and the district court did not consider any improper factors in deciding to run two of Dennis's sentences consecutively.

**AFFIRMED.**