# IN THE COURT OF APPEALS OF IOWA

No. 21-1252
Filed May 11, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JASON P. POHLMEYER,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, Michael J. Schilling, Judge.

A defendant appeals the sentence imposed by the district court after his guilty plea entered pursuant to a plea agreement. **AFFIRMED.**

Erin Patrick Lyons of Lyons Law Firm, PLC, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by May, P.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jason Pohlmeyer appeals the sentence imposed by the district court following his guilty plea entered pursuant to a plea agreement. Pohlmeyer contends the prosecutor breached the plea agreement and the court failed to consider all relevant sentencing factors. Because we find no breach of the plea agreement by the prosecutor or abuse of discretion by the district court, we affirm the sentence.

## I.    *Background Facts and Proceedings.*

On June 9, 2021, the State charged Pohlmeyer with one count of first-degree theft, in violation of Iowa Code section 714.1 and 714.2(1) (2021). A plea agreement was reached under which the parties would make a joint sentencing recommendation for a suspended sentence with placement at a halfway house and payment of victim restitution. Pohlmeyer pled guilty to the charged theft pursuant to this plea agreement.

During the sentencing hearing, the parties shared their agreed-upon recommendation. The prosecutor explained the reasoning behind the State's position—restitution could more likely be paid in a halfway house with an employment requirement. The court questioned this recommendation given Pohlmeyer's criminal history, unsuccessful experiences with parole and work release, and outstanding restitution owed from a variety of other criminal cases. After further inquiry from the court, the prosecutor acknowledged that a suspended sentence could possibly send the "wrong message."

Ultimately, the district court sentenced Pohlmeyer to a ten-year term of incarceration. The court also ordered him to pay $12,303.01 in victim restitution.

It imposed and suspended a $1,300 fine plus fifteen percent surcharge and waived court costs and attorney fees. Pohlmeyer timely appealed.

## II. Review.

While the right of appeal is limited for convictions reached pursuant to a plea agreement, there is good cause for appeal when the challenge, as here, is to the sentence rather than the guilty plea. *See* Iowa Code § 814.6(1)(a)(3); *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021). We review the sentencing order in a criminal case for correction of errors at law. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

## III. Discussion.

Pohlmeyer argues the prosecutor breached the parties' plea agreement because she expressed material reservation for the agreed-upon sentence at the hearing. He alleges that the prosecutor failed to commend the State's recommended sentence to the court and failed to indicate to the court that the recommended sentence was supported by the State and worthy of the court's acceptance. "The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Boldon*,

954 N.W.2d at 71 (quoting *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). "Where the prosecutor technically complied with the plea agreement but expressed material reservation regarding the same, 'it can be fairly said the State deprived the defendant of the benefit of the bargain and breached the plea agreement.'" *Id.* (quoting *Frencher*, 873 N.W.2d at 284). "The expression of a material reservation regarding the plea agreement or recommended sentence can be explicit or implicit." *Id.*

Here, the prosecutor did more than "simply inform[] the court of the promise the State has made." *State v. Horness*, 600 N.W.2d 294, 299 (Iowa 1999). She requested the agreed-upon sentence and explained the reasoning behind the State's support. She emphasized Pohlmeyer's young age and that he should be working. When pressed about defending the sentence to the public, the prosecutor's response backed the recommendation:

> I would answer it that I'm still recommending a certain level of incarceration by having him go to the halfway house. And I'm trying to advocate on their behalf to try to recover restitution for them so that if he were to go to prison, it would be likely that they would get nothing.

The prosecutor's alleged reservation arose in response to the court's persistent questioning about the defendant's background. The judge asked:

> So do you acknowledge the possibility that, given his criminal record, given the fact that he owes 20,000 plus dollars in restitution, given the fact that he's failed on work release and parole at least twice and has at least six felonies on his record, do you leave open the possibility in your mind that if I gave him probation, that I could be sending the wrong message to him?

In turn, the prosecutor conceded this possibility by responding:

> I think that's possible that you could be sending the wrong message and [he could] take it for granted and perhaps not

> appreciate it based on his record. The hope is he will grow up and appreciate it being thirty-five years old now at this point and having a child. I can't guarantee that he will appreciate it.
> So it could very well be sending the wrong message to him if he doesn't appreciate it if the Court would grant him a suspended sentence today and how big an opportunity that would be.

The prosecutor did not propose or request an alternate sentence. The prosecutor did not express support for the presentence investigative report, which recommended incarceration. Instead, the prosecutor continued to express hope that Pohlmeyer would appreciate the suspended sentence, but ultimately, she acknowledged that she could not guarantee his appreciation.

Clearly, the prosecutor's advocacy for the recommended sentence in and of itself fulfilled the State's obligation to present the sentence to the court and espouse the State's support. The question before us is whether the prosecutor's concession regarding the recommended sentence possibly sending a wrong message tainted the proceedings. The taint injected by a prosecutor's failure to abide by the terms of a plea agreement is inherently prejudicial. *Boldon*, 954 N.W.2d at 70. It requires our courts to vacate the sentence and remand for sentencing before a different judge "even when the prosecutor acknowledges the breach and withdraws the improper remarks." *Id.* "[B]ecause a plea agreement requires a defendant to waive fundamental rights, we are compelled to hold prosecutors and courts to the most meticulous standards of both promise and performance." *Horness*, 600 N.W.2d at 298 (citation omitted). Here, we cannot say that the prosecutor's performance rose to the level of a material reservation. Her concession was squarely in response to the court's line of questioning and

was not a taint on the proceedings. Accordingly, we find the prosecutor did not breach the plea agreement.

As for the court's sentencing decision, Pohlmeyer contends the district court improperly relied solely on his prior convictions. Iowa Code section 901.5 instructs a district court to "receiv[e] and examin[e] all pertinent information" before imposition of a sentence. The court considers multiple factors, "including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Formaro*, 638 N.W.2d at 725. "Furthermore, before deferring judgment or suspending sentence, the court must additionally consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing." *Id.* As such, the court was well within its bounds to consider Pohlmeyer's record of convictions and poor work history.

We are unconvinced that the court relied solely on Pohlmeyer's prior convictions based on the record before us. The court heard the joint sentencing recommendation from each of the parties and Pohlmeyer's statement in allocution. A presentence investigation report, which recommended incarceration, and a victim impact statement were also before the court. The court questioned the prosecutor and defense counsel at length about the recommended sentence. The court furthermore explained its reasoning, stating:

> The Court has considered all the sentencing provisions provided for by the Iowa Code. The Court acknowledges that the parties are recommending a suspended sentence. The DCS recommends confinement.

Given your age, your lack of a work record, your extensive and very serious criminal record, coupled with the multiple failures at rehabilitation including failed work release and failed parole, the Court, even after digging down as deep as I can go, can't find—and I hate to say this that—I can't find hope that giving you a chance at the halfway house that there's even a moderate chance of success because your prior history just shows that it's likely to be a failure.

We find that the district court was justified in imposing the term of incarceration. The sentence cannot be considered unreasonable or based upon untenable grounds in light of the appropriate standards acknowledged and considered by the district court. Because we find no abuse of discretion, we affirm the sentence imposed by the district court.

**AFFIRMED.**