# IN THE COURT OF APPEALS OF IOWA

No. 21-1218
Filed June 7, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MUNCHELO MICHAEL DOCK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Brendan E. Greiner, District Associate Judge.

Munchelo Dock appeals his *Alford* pleas to nine counts of indecent exposure and the sentence imposed by the district court. **CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**VAITHESWARAN, Presiding Judge.**

Munchelo Dock entered *Alford* pleas[1] to nine counts of indecent exposure. *See* Iowa Code §§ 709.9(1)-(2)(a); 709.9(2)(b) (2021). The district court sentenced Dock to jail or prison terms not exceeding one or two years respectively, and ordered one of the one-year terms and two of the two-year terms to be served consecutively, for a period of incarceration not exceeding five years. This appeal followed.[2]

Dock argues (1) the prosecutor breached the plea agreement; (2) the plea lacked a factual basis; and (3) his convictions and sentences for nine counts of indecent exposure "violate[d] the Double Jeopardy protection against cumulative punishment, and amount[ed] to an illegal sentence."

## I.   *Breach of Plea Agreement*

Dock contends the prosecutor breached the plea agreement when he recommended the imposition of "the maximum" prison sentence and asked the court to "run those sentences consecutive," even though the presentence

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (concluding "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [the individual] is unwilling or unable to admit . . . participation in the acts constituting the crime").

[2] Dock filed a timely pro se notice of appeal while he was represented by counsel. On its own motion, the supreme court removed his trial attorney and remanded the case to the district court for appointment of the appellate defender. The district court filed a confirming order. Five days later, the appellate defender filed a notice of appeal. The supreme court ordered the issue of whether a delayed appeal should be granted submitted with the appeal. Meanwhile, the legislature amended Iowa Code section 814.6A, which prohibited a defendant represented by counsel from filing pro se documents, to allow the filing of "[a] pro se notice of appeal." Iowa Code § 814.6A(3)(b). The effective date of the amendment was July 1, 2022. Prior to the effective date, the supreme court permitted delayed appeals under circumstances analogous to this case. *See State v. Crawford*, 972 N.W.2d 189, 194 (Iowa 2022); *State v. Newman*, 970 N.W.2d 866, 868–69 (Iowa 2022).

investigator simply recommended "a term of incarceration" and was silent on the length of the sentence. Because he challenges the sentence rather than the guilty plea itself, he has established good cause to appeal under Iowa Code section 814.6(1)(a)(3). *See State v. Patten*, 981 N.W.2d 126, 130 (Iowa 2022).

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration [for the plea], such promise must be fulfilled." *State v. Horness*, 600 N.W.2d 294, 298 (Iowa 1999) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Prosecutors are held "to the most meticulous standards of both promise and performance." *Id.*; *see also Patten*, 981 N.W.2d at 131. "Where the State technically complie[s] with the agreement by explicitly recommending the agreed-upon sentence but expresse[s] material reservations regarding the plea agreement or sentencing recommendation, it can be fairly said the State deprive[s] the defendant of the benefit of the bargain and breache[s] the plea agreement." *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015). "We require strict, not substantial, compliance with the terms of plea agreements. Violations of either the terms or the spirit of the agreement, even if seemingly minor, are intolerable and adversely impact the integrity of the prosecutorial office and the entire judicial system." *Patten*, 981 N.W.2d at 131 (citations and internal quotations omitted).

The prosecutor framed the plea offer as follows:

> [T]he State's offer at this time will be for the defendant to plead to Counts I through IX, so all indecent exposure charges. The State would be willing to dismiss two counts of stalking.
>     It would be the recommendation of the State that a [presentence investigation] and psychosocial sexual evaluation be conducted and the State binds itself to the recommendation of the

> PSI and the defense would be free to make any argument at sentencing including for probation.

At sentencing, the prosecutor stated:

> Consistent with the PSI recommendation, the State would ask that the Court impose *the maximum sentence*, *run those sentences consecutive*, and to suspend those sentences and require the defendant to reside at the Fort Des Moines but also to engage in the sexual offender treatment program run by the Department of Corrections. Any other recommendations that the PSI recommends, the State would also ask the Court impose them.

(Emphasis added.)

The record supports Dock's argument that the prosecutor breached the plea agreement by seeking the maximum sentence, with the sentences running consecutively. The prosecutor agreed to be bound by the PSI recommendation. At sentencing, he recommended a prison term not exceeding fifteen years. Contrary to his assertion, the recommendation was not "[c]onsistent with the PSI recommendation," which was for a "term of incarceration." Although the State is correct that the prosecutor also recommended suspension of the sentence—a more lenient recommendation not contained in the PSI report—he had an "implicit obligation to refrain from suggesting more severe sentencing alternatives." *Horness*, 600 N.W.2d at 299; *cf. State v. Boldon*, 954 N.W.2d 62, 72 (Iowa 2021) (finding "[a]lthough the district court imposed consecutive sentences and a term of incarceration, that was not at the suggestion—either explicit or implicit—of the prosecutor," who "argued for incarceration as he was allowed to do"). We conclude the prosecutor breached the plea agreement. We vacate the sentence and remand for resentencing before a different judge.

## II.     Factual-Basis Challenge

Dock argues his guilty plea to nine counts of indecent exposure was not supported by a factual basis.  In his view, the plea was based on one count per viewer rather than one count per exposure.  Dock acknowledges he failed to file a motion in arrest of judgment challenging the factual basis for his plea, and he acknowledges that the omission generally serves as a procedural bar to a factual basis challenge on appeal.  *See State v. Treptow*, 960 N.W.12d 98, 109 (Iowa 2021) ("[A defendant's] failure to file a motion in arrest of judgment precludes appellate relief.").  He attempts to circumvent the bar by asserting "[t]he plea court failed to adequately advise [him] of the preclusive effect [of] failing to" file a motion "on his ability to challenge the plea *on appeal*."  *Id.* (discussing an exception "where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment").

The advisory given to Dock was as follows:

> Now that I've found you guilty, Mr. Dock, you do have the right to challenge this guilty plea by filing what's called a motion in arrest of judgment.  That's a motion that is for whatever reason I should not have taken your guilty plea or there was some kind of defect in the guilty plea that we just took.  In order to proceed with that motion, you must file within forty-five days of today's date and no later than five days before your sentencing or you give up your right to challenge or take back your guilty plea.

Although the advisory did not mention Dock's relinquishment of his right to challenge the plea on appeal, the language "you give up your right to challenge or take back your guilty plea" was broad enough to encompass a waiver of that right. *See State v. Damme*, 944 N.W.2d 98, 108 (Iowa 2020) (finding similar language "sufficient to satisfy the advisory requirements of [Iowa Rules of Criminal

Procedure] 2.24(3)(a) and 2.8(2)(d)"); *State v. King*, No. 21-1368, 2023 WL 1814288, at \*1–2 (Iowa Ct. App. Feb. 8, 2023) (concluding similar language "adequately advised" the defendant "of the need for a motion in arrest of judgment to seek an appeal").

Dock alternatively argues that, "even if the motion in arrest of judgment advisement provided is deemed adequate . . . an exception to the motion in arrest of judgment requirement of Rule 2.24(3)(a) should exist where the district court has failed in its duty to ensure a factual basis for a guilty plea." The supreme court recently found the same argument unpersuasive. *See State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022) (declining to create a new exception "based on the district court's own ability to arrest judgment when a factual basis is lacking for the guilty plea"). The court also rejected the argument that "due process requires allowing him to challenge his guilty plea on direct appeal without first filing a motion in arrest of judgment in district court." *Id.* at 461. *Hanes* is controlling. Because Dock failed to file a motion in arrest of judgment, he cannot establish good cause to pursue a direct appeal from his plea as a matter of right with respect to his factual basis challenge. *Id.* at 462.

### III.    *Illegal Sentence*

Dock finally contends, "If this Court determines the factual basis question cannot be addressed in the instant appeal, then, the multiplicity/unit of prosecution matter must at a minimum be addressed as an illegal sentence." He essentially repackages his factual-basis challenge as a sentencing challenge in an effort to obtain direct review. *See State v. Richardson*, No. 22-1202, 2023 WL 2396549, at \*1 n.1 (Iowa Ct. App. Mar. 8, 2023) ("Although [the defendant] challenges his

sentence, he asks us to vacate his plea by claiming he was misled about his sentence and therefore his plea was not knowing and voluntary."); *State v. Bundy*, No. 21-1209, 2022 WL 2156162, at *1 (Iowa Ct. App. June 15, 2022) ("While a challenge to the sentence rather than the underlying guilty plea would establish good cause, we find [the defendant's] claim is effectively challenging the underlying plea."). He lacks good cause to appeal. *Hanes*, 981 N.W.2d at 462.

## IV. *Disposition*

We affirm Dock's convictions but vacate his sentences and remand for resentencing before a different judge.

**CONVICTIONS AFFIRMED; SENTENCES VACATED AND REMANDED FOR RESENTENCING.**