## IN THE COURT OF APPEALS OF IOWA

No. 23-0941
Filed April 10, 2024

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**AMBER DIANE MOVICK,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, Judge.

A defendant appeals the sentence imposed upon her drug conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Ahlers, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**VOGEL, Senior Judge.**

Amber Movick appeals the sentence imposed upon her conviction for possession of methamphetamine, third offense. She argues (1) the State breached the plea agreement by failing to endorse the agreed-upon sentencing recommendation, and (2) the district court erred by not ordering an updated presentence investigation report (PSI) or ensuring she waived her right to its use in sentencing.

**I.  Background Facts and Proceedings**

In May 2022, Movick was arrested for third-offense possession of methamphetamine. She was granted pre-trial release on the condition that she obtain a substance-use evaluation and comply with any resulting recommendations. The court scheduled a plea hearing for July 19 after it was advised that Movick intended to enter a plea of guilty. On Movick's motion and with agreement by the State, it was continued to August 2. Movick failed to appear for that hearing, and a warrant issued for her arrest.

Roughly a week later, Movick filed a written plea of guilty to the charged crime. The plea document noted the parties would offer a joint sentencing recommendation including a suspended five-year term of imprisonment, a suspended fine and surcharge, probation, the completion of a substance-use evaluation, and compliance with any treatment recommendations.[1] It also noted the sentencing recommendation would not be binding on the sentencing court. The next day, the court accepted the plea, scheduled sentencing for October 10,

---

[1] The plea document also called for Movick pleading guilty in a separate simple misdemeanor case to striking an unattended vehicle.

and ordered the preparation of a PSI. While Movick was arrested on the pending warrant the same day, she was again granted pre-trial release.

The PSI was completed prior to the October sentencing date. The PSI noted that Movick was repeatedly unresponsive to the investigator's attempts at completing the investigation and providing the necessary paperwork. It was therefore completed based on the information available. Movick failed to appear for sentencing, and a warrant again issued for her arrest. Roughly two weeks later, defense counsel filed a "motion to recall warrant and reset sentencing," in which he noted Movick appeared at the wrong courthouse for sentencing and "she has now turned in her PSI paperwork." Counsel also stated "[f]urther order may be needed" to have the previously prepared PSI amended. The court entered orders canceling the warrant and rescheduling sentencing for November.

Movick again failed to appear for sentencing in November, and another warrant issued for her arrest. In December, defense counsel moved to withdraw due to lack of contact with Movick, and the motion was granted. Movick was arrested on the warrant in May 2023, and the court rescheduled sentencing to occur a week later. New counsel was then appointed, and the court again continued sentencing until May 22, to allow counsel to prepare.

At the sentencing hearing, the court noted its receipt of the PSI, although it "did not contain any recommendations due to the defendant's failure to participate in the investigation." When asked whether she had any objections or corrections to offer regarding the PSI, defense counsel said no. Counsel later added there was no legal reason why sentencing could not proceed.

When asked for the State's sentencing recommendation, the prosecutor stated the following:

> I'm pretty sure that the State is recommending a suspended sentence and probation, Your Honor. Can I have a moment to review the plea offer?
> . . . .
> My offer to [defense counsel] as of May 19, 2022, was that for her pleading guilty as charged . . . we would recommend a term not to exceed five years, fully suspended, for the possession of a controlled substance, third offense, methamphetamine; the mandatory minimum $1025 fine, also suspended, with a suspended 15 percent surcharge; and this, I think, is an issue that we talked about prior to sentencing, a condition of the probation that I'm recommending is completion of a substance abuse evaluation and follow through with any treatment. Technically she was required to do that pretrial, I don't think that ever got done, but I indicated to defense counsel that I would be agreeable to accomplishing that as part of probation or whatever the court sentences today . . . .
> Your Honor, I believe that given her criminal history, and I'm ignoring the developments since the plea change and would think it's appropriate for the court to ignore those too, but that's up to you, I believe this is an appropriate sentence given her criminal history and the facts of this case and probation would allow her time to undo any negative inferences from the things that have happened since the plea change, so I would urge the court to follow the State's recommendation.

When asked for her sentencing recommendation, defense counsel concurred with the State's recommendation.

In reaching its sentencing decision, the court noted its consideration of the need for protection of the community, the nature of the offense, the recommendations of the parties, the PSI, Movick's personal circumstances, her extensive criminal history, her prior opportunities for rehabilitation, her failures to appear and absconsion in this case, her failure to participate in the PSI process, "and anything else I've learned about you throughout the proceeding." Based on those circumstances, the court decided a suspended sentence with probation

would be insufficient to facilitate the goals of sentencing. The court then imposed an indeterminate term of imprisonment not to exceed five years, a minimum fine, and a surcharge. Movick appeals.

## II. Discussion

On appeal, Movick argues (1) the State breached the plea agreement by failing to endorse the agreed-upon sentencing recommendation, and (2) the district court erred by not ordering an updated PSI or ensuring she waived her right to its use in sentencing. We review sentencing challenges for correction of errors at law and will not reverse the sentence imposed unless there was an abuse of discretion or some defect in the sentencing procedure. *State v. Davis*, 971 N.W.2d 546, 553 (Iowa 2022). We address Movick's claims in turn.

### A. Breach of the Plea Agreement

As to the alleged breach of the plea agreement, Movick argues "[t]he prosecutor in this case failed to truly recommend the agreed upon sentence." Movick focuses on the prosecutor's reference to developments since the guilty plea—which Movick says was a reference to her failures to appear—and that, although the prosecutor said he was ignoring those developments and the court should too, "he added the caveat, 'but that's up to you.'" According to Movick, "[t]his tepid recitation of the plea agreement, including the frequent reminders of [her] misdeeds, was insufficient to fulfill the terms of the plea agreement."

"The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *State v.*

*Boldon*, 954 N.W.2d 62, 71 (Iowa 2021) (quoting *State v. Frencher*, 873 N.W.2d 281, 284 (Iowa Ct. App. 2015)). "Where the prosecutor has agreed to make a particular sentencing recommendation, the prosecutor must do more than simply inform the court of the promise the State has made to the defendant with respect to sentencing. The State must actually fulfill the promise." *Id.* (cleaned up). "[T]echnical compliance" with the terms of the plea agreement does "not suffice if the prosecutor otherwise 'undercut[s] the plea agreement.'" *State v. Beres*, 943 N.W.2d 575, 582 (Iowa 2020) (second alteration in original) (quoting *State v. Lopez*, 872 N.W.2d 159, 170 (Iowa 2015)).

To begin, the State expressly offered the agreed-upon joint sentencing recommendation. *See Boldon*, 954 N.W.2d at 71 (finding no breach where prosecutor's recommendation was "in accord with the parties' plea agreement"). At no time did the prosecutor suggest prison would be more appropriate than a suspended sentence and probation. *See id.* (finding no breach where prosecutor did not suggest consecutive sentences would be more appropriate than concurrent sentences as required by the plea agreement). It is true that the prosecutor passively referenced some of Movick's shortcomings since she entered her plea. But the State went on to explain those matters did not change its mind about its sentencing recommendation. Moreover, the State continued to advocate for probation despite those shortcomings, which would allow Movick "time to undo any negative inferences from the things that have happened since the plea change." The prosecutor did not express any regret about agreeing to suspended sentences, undercut the recommendation by referring to other more severe

sentencing options, or otherwise express any material reservations about the joint sentencing recommendation. *See id.* at 71–72.

In all, while the prosecutor implied to the court that it did not need to overlook what transpired since Movick entered her plea, the prosecutor still floridly advocated for the joint sentencing recommendation. Therefore, we are unable to conclude "the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain." *Id.* at 71.

### B. PSI

Next, Movick argues "the district court erred by not ordering an updated PSI or by failing to ensure [she] waived her right to the use of a PSI." Movick complains the PSI was prepared "without input from" her and points out she later turned in her investigation paperwork and her counsel stated in a motion that an additional order for amendment of the PSI may be needed. She additionally complains the PSI was never amended and the sentencing court "expressed frustration with the lack of information in the PSI" at the time of sentencing. Movick argues the court was required to either order the PSI be updated or secure a valid waiver of the use of the PSI at sentencing.

The State argues that, because the "claim is that the error occurred in the proceedings prior to imposition of sentence" and "does not involve the inherent power of the court to sentence" Movick for the crime, Movick was required to preserve error by moving to have the PSI updated but failed to do so. *State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018). According to the State, Movick was

required to bring these "matter[s] to the court's attention at the time of sentencing," *id.* at 24, and that the court was not required to order the PSI updated sua sponte.

In response, Movick does not dispute that error preservation was indeed required. Instead, she argues she preserved error because, after she turned in her paperwork, her attorney noted in a motion that "[f]urther order may be needed to have the [judicial district department of correctional services] amend or append the PSI that has already been prepared." Movick also claims she "questioned the lack of an update when her attorney failed to bring it up at the sentencing hearing."

We accept the parties' agreement that error preservation was required. *See State v. McKinney*, No. 22-0708, 2023 WL 4104031, at *2–3 (Iowa Ct. App. June 21, 2023) (discussing *Gordon* and the error-preservation distinction between claiming error in the proceeding extrinsic to the court's inherent sentencing power and claiming the sentence is intrinsically flawed). On our review of the record, we find no concrete request was ever made that the PSI be updated, and the district court certainly never ruled on such a request. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). While counsel passively noted in the motion that an update *may be* needed, he never formally requested an update, and the court never ruled on the passing comment. While Movick claims she requested that the PSI be updated at the sentencing hearing, she only points to her statement that she filled out her paperwork and turned it in. Neither was this a request that the

PSI be updated.[2]  Because an updated PSI was never requested let alone ruled upon, we agree with the State that error was not preserved.  Because no one objected, the court was authorized to consider the PSI as it existed.  *See State v. Grandberry*, 619 N.W.2d 399, 402 (Iowa 2000).  And because it was considered, the court did not need to secure a waiver of its use.

## III.  Conclusion

We affirm, concluding the prosecutor did not breach the plea agreement and Movick failed to preserve error on her claims regarding the PSI.

**AFFIRMED.**

---

[2] Before the court imposed sentence, it allowed Movick an opportunity to exercise her right of allocution.  *See* Iowa Code § 901.4B (2022); Iowa R. Crim. P. 2.23(2)(d)(3).  Specifically, the court told Movick "you have the right of allocution, which is your opportunity to tell me anything else you'd like me to consider before I decide what your sentence should be.  Is there anything that you want me to know?"  Movick responded, "No, ma'am."  The court then proceeded to survey Movick's lengthy criminal history, although it commended her for the years during which she had no criminal charges.  Movick then explained what transpired since the entry of her plea, shifting part of the "miscommunication" and blame to her attorney and others.  While Movick went on to state she turned in her "paperwork," this was not even an informal motion for the PSI to be updated.